

A. BLAIR DUNN, ESQ.*  JARED R. VANDER DUSSEN, ESQ.**

# WARBA, LLP

WESTERN AGRICULTURE, RESOURCE AND BUSINESS ADVOCATES, LLP

400 GOLD AVE SW, SUITE 1000
ALBUQUERQUE, NM 87102
T: (505) 750-3060 F: (505) 226-8500

LICENSED IN NM AND SD*                                          LICENSED IN NM**

April 11, 2022

VIA EMAIL ONLY

BUTT THORNTON & BAEHR PC
Monica R. Garcia
P.O. Box 3170
Albuquerque, New Mexico 87190
Telephone: (505) 884-0777
mrgarcia@btblaw.com

VORYS, SATER, SEYMOUR AND PEASE, LLP
Nathaniel Lampley, Jr.
Victor A. Walton, Jr.
Jeffrey A. Miller
Jessica K Baverman
All admitted pro hac vice
301 E. Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723-4616
nlampley@vorys.com
vawalton@vorys.com
jamiller@vorys.com
jkbaverman@vorys.com

*Counsel for Defendants,*
*The Kroger Co.*

> RE:   *Defendants' Objections, Answer and Responses to Plaintiff's Thornton's*
>       *Second Set of Discovery*

**EXHIBIT 8**

Dear Counsel,

    First, let me share that we have complied the financial records regarding Ms. Thornton's purchase history from Kroger. We have now supplemented that documentation this week. With regard to Ms. Irby we will not be supplying that information because you

have noted she doesn't have an purchase history with a Kroger store so there is no relevant information to be shared, now that Albertson's is out of this case and you have refused to respond to her discovery at all on the basis of relevancy.

Second, despite your promises to supply information upon the entry of the SPO, that has not happened with regard to the First Set of discovery from Ms. Thornton. More importantly, while you have supplied some of the circular images which we will also address in this letter, you have not provided any of the membership data that was requested or points of sales data for the relevant years, even arbitrarily limited without explanation or information as to what it is limited to, to certain unidentified beef products, nor have you provided the corresponding supplementation to identify which of the Bates numbers you have provided correspond to which of the certain requests. In line with the current obfuscation, in addition to refusing to provide the relevant data regarding purchases, Kroger has blatantly attempted to block the attempt to allow Plaintiff to redress the limitation by withholding the advertisements for 2020 and 2021 on the basis of "technical difficulties that have now stretched into weeks since the SPO was entered.[i]

The record coupled with the current non-production further supports Plaintiffs' concerns about Defendant's good faith *bona fides* in their discovery responses. For instance, Kroger has produced thousands of pages of advertisements in response to the request for advertisements related to the sale of beef products, yet, Kroger buried that relevant information amongst pages of advertisements that had nothing to do with beef such as this:



Yet, in the same breath Kroger repeats the assertion that the sale of only certain beef products are relevant without in any form or fashion identifying what those products are or providing sufficient analysis of how that conclusion was reached. To that end Kroger states starting in 2016, 2017 and until November of 2018 it was using the following shields:



Yet, denies that it started at that point using this shield to convey to the consumers that they were purchasing beef produced in this country:



Quite simply, if Kroger has a list of the beef products that it has advertised since November 2018 using the graphic immediately above either in delivered advertising or in-store advertising using these promotional stickers with "Produced in the USA" on them to limit discovery to those products it needs to produce that list.  Kroger also needs to produce list of the amounts of those products sold since Nov. 2018 along with the points of sale data for those certain products along with the membership data for the consumers that brought those products if they have that data because it has all been requested at this point.  So, if Kroger wants to artificially limit it may argue for that with the Court, but until the Court decides whether or not the limitation is correct, Kroger is still required to produce the data that exists with that artificial limitation they are imposing and Kroger plainly is <u>not</u>.

  **As to Interrogatory No. 9**, Plaintiff requested dates, amounts and geographic origin for the sales of imported beef sold by the Defendant since 2015.  Kroger does not answer this portion of the question and it is both relevant and proportional to determining whether or not Kroger knew where the beef from was coming from when it advertised Produced in the USA and whether or not Kroger is responsible for comingling imported beef with domestic beef. Instead of answering the question posed Kroger dissembles to

discuss non-relevant branding that ignores the actual question posed to instead argue a position that it has yet to support with relevant data. If Kroger has kept track of the beef that it knew was imported and ensured that it was not comingled then Kroger needs to answer the question as posed to provide that information by Friday of this week.

**As to Interrogatory No. 10,** Kroger again dissembles and does explain the simple question of whether or not it differentiated or provided the consumers information that the beef Kroger knew was imported. If Kroger advertised foreign beef as anything other than foreign or omitted advertising that it was foreign because it was provided by the supplier as a Produced in the USA. If Kroger knew that it was selling beef that was imported from the packers that was comingled with domestically produced beef or if made no effort to ascertain whether or not the imported beef was comingled with the domestic beef it received from the suppliers as "Produced in the USA" then the statement that "to the extent advertised, imported beef is not and has not been advertised with a Produced in the USA logo." Kroger should revise this statement to provide the information actually requested and removed the dishonesty currently in the answer.

**As to Interrogatory No. 11,** Kroger states that it produce the data requested yet, in the nearly 2 weeks since the discovery responses were supplied it has failed to do so. Kroger did this knowing that a deadline was approaching for the class certification motion and appears to have willfully withheld this information in order to obstruct the deadline and cause delay. This is more bad faith on the part of Kroger and Plaintiff intends to amend the current motion to compel to add this information and to request severe sanctions. To be clear, this information sought applies to both loyalty members as well as shoppers that purchased beef products that were not using a loyal member card. This information should be produced no later than Friday of this week.

**As to Interrogatory No. 13,** Kroger has not answered the question and cannot simply rest of point vaguely to unidentified documents. This information should be produced no later than Friday of this week.

**As to Interrogatory No. 14,** the Court has been clear that labels do not include the promotional stickers that alter the USDA shield to include the flag and the words "Produced in the USA." Thus, all use of those advertising stickers both in store and in mailers is relevant to the claims in this matter. And again, Kroger artificially limits what it deems are the relevant beef products at issue, but then fails to at least explain what it motivation was for using the "Produced in the USA" language in the advertisements. This information is highly relevant if not outright dispositive of this matter and Kroger cannot simply avoid answer the question when prior to Nov. 2018 it was using the two shields noted above and then switch to using the offending promotional sticker. Provide that explanation no later than Friday of this week.

**As to Interrogatory No. 15**, Kroger is not honest in its answer, at least as late as September 2021, Kroger knew that the suppliers where providing beef that was not

actually of domestic origin despite the untruthful statements by the suppliers with the blessing of USDA, therefore, Kroger knew or at least potentially knew that it was not a truthful statement for a long period of time after this lawsuit was filed and continued to advertise that it had good reason to be believe was foreign sourced as produced in this Country. Kroger should revise this statement to provide the information actually requested and removed the dishonesty currently in the answer no later than Friday of this week.

      **As to Interrogatory No. 17**, this is more bad faith refusal to comply with the typical requirements of discovery. Kroger cannot simply point to a document and demand that Plaintiff figure out an answer for explanation requested in discovery. Please fully respond to this request no later than Friday of this week.

      **As to Interrogatory No. 18**, this is more bad faith refusal to comply with the typical requirements of discovery. Kroger cannot simply point to a unidentified document and demand that Plaintiff figure out an answer for explanation requested in discovery. Please fully respond to this request no later than Friday of this week.

      **As to Requests for Production Nos. 1 – 7, Plaintiff has revised these requests and they are served attached hereto.**

      **As to Request for Production No. 8,** Kroger's response represents continued bad faith to obstruct the progression of this case. Kroger is aware that it is inconsistent with discovery obligations in federal court to amorphously point to generic documents, not even providing Bates numbers for the same.

      **As to Request for Admission No. 7**, Kroger's objection is wholly in appropriate and prejudicial. Plaintiff's request is not overly broad, immaterial and it is ridiculous to assert that answer a request for admission is not proportional to the needs of the case about the marketing of imported beef. No later than Friday, Defendant must supply an unequivocal answer to the Request.

      We look forward to your responses.

Sincerely,

*[signature]*

A. Blair Dunn, Esq.

---

[i] Again it is worth noting that a proposed SPO was offered in October of 2021 and it took until February of 2022 for Kroger to agree to a form.