IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBIN G. THORNTON, on behalf of
herself and others similarly situated, and
WENDY IRBY, on behalf of herself and
others similarly situated,

    Plaintiffs,

v.                                                  Case No. 1:20-cv-01040-JB/LF

THE KROGER COMPANY,
and PAY AND SAVE, INC.,

    Defendants.

## DEFENDANT PAY AND SAVE'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

In *In Re: Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litig.*, Case 1:16-md-02695-JB-LF (redacted version entered Sept. 19, 2023), this Court declared that "there is no excuse for a lawyer not to know the opinion of the judge before whom they are practicing." P. 140 n.27. Following this admonition, Pay and Save notes two recent holdings by the Court that further undermine Plaintiff Irby's class certification motion.

First, in denying certification of a class of New Mexico consumers asserting a claim for unjust enrichment, the Court held that "while it may be a straightforward and common question to determine whether the Defendants' labels were misleading, determining whether an individual consumer's purchase renders the Defendants' retention of the benefit unjust requires individualized inquiries" and thus unjust enrichment claims under New Mexico law "do not satisfy the predominance requirement" of Rule 23(b)(3). PP. 392-93 ¶ 264. Pay and Save made

this same argument in the present case. Def. Pay and Save' Proposed Findings & Conclusions at COL § 4.B.2 [Doc. 274].

Second, the Court refined its analysis of ascertainability, PP. 234-58 ¶¶ 81-99, concluding that this issue should be considered under the guise of "administrative feasibility as part of its predominance analysis." *Id.* ¶ 96 & n.65. In rejecting a nationwide class of consumers who purchased menthol cigarettes from retailers (not the manufacturers), the Court found "substantial administrative difficulties" with the proposed class given that:

> [t]he Plaintiffs, other than asserting that proposed class members will be able to demonstrate their class membership by use of sworn affidavits, claim forms, receipts, or purchase records, have not demonstrated that any class members have retained receipts or purchase records. Similarly, they have not identified a method or model which would allow the Defendants or the Court to screen affidavits for authenticity, and have not suggested that such a method or model even exists.

¶ 99. The same circumstances exist in the present litigation, Def. Pay and Save' Proposed Findings & Conclusions at COL § II.C [Doc. 274]. As a result, the Court should reach the same conclusion.

        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

        By:   */s/ Andrew G. Schultz*                              .
            Andrew G. Schultz
            Melanie B. Stambaugh
        P.O. Box 1888
        Albuquerque, NM  87103
        Telephone:   (505) 765-5900
        Facsimile:   (505) 768-7395
        E-mail:      aschultz@rodey.com
                      mstambaugh@rodey.com

        -and-

MULLIN HOARD & BROWN, LLP
Hugh N. Lyle
1500 Broadway, Suite 700
Lubbock, TX 79401
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
E-mail: hlyle@mhba.com

*Attorneys for Defendant Pay and Save, Inc.*